## JAMES T. PAGE *vs.* ATIS OSGOOD.

Where the defendant admits the plaintiff's cause of action, and the only issue for the jury is on the defendant's declaration in set-off, the plaintiff is still entitled to open and close the case.

ACTION OF CONTRACT upon a promissory note. The defendant filed no answer, but a declaration in set-off, to which the plaintiff answered. Upon this state of the pleadings, the defendant, at the trial in the court of common pleas, claimed the opening and close to the jury. But *Bishop*, J. permitted the plaintiff to open and close the case. The verdict was for the plaintiff, and the defendant alleged exceptions.

*B. F. Butler*, (*J. G. Abbott* was with him,) for the defendant. The plaintiff's claim being admitted, the defendant's set off, which is his declaration, is the only matter for the jury to try; and he should not be placed in a different or a worse situation from that which he would be in, had he commenced the suit. At common law, recognized and practised upon here, when there is but one issue, the party, upon whom lies the burden of proof to establish that issue, has a right to the opening and close. *Lacon* v. *Higgins*, 3 Stark. R. 178. *Davis* v. *Mason*, 4 Pick. 159. *Ayer* v. *Austin*, 6 Pick. 225. *Thurston* v. *Kennett*, 2 Foster, 159. *Scott* v. *Hull*, 8 Conn. 303. And it is expressly provided by the Rev. Sts. *c.* 96, § 19, that "the defendant's demand shall be tried in like manner as if it had been set forth in an action brought by him." And this practice is not changed by *Sts.* 1851, *c.* 233, § 47, and 1852, *c.* 312, § 37, requiring the defendant to file a declaration in set-off.

*A. P. Bonney*, for the plaintiff.

DEWEY, J. The single question raised in the present case is as to the right of the plaintiff to open and close. This vexed question, frequently arising under the earlier practice, where the right shifted from the plaintiff to the defendant, according to the state of the pleadings and the burden of proof, is, in our practice, at length settled, by this court's adopting the uniform rule of giving the right of opening and closing in all cases to the plaintiff. This modification was introduced into the

practice of this court simultaneously with the statute of 1836, c. 263, abolishing all special pleas, and requiring the general issue to be filed in all cases. Under the general issue, it had been a matter of course, before this statute, for the plaintiff to open and close, and this court continued that rule, the consequence of which was, that, as all cases were tried upon the general issue, the plaintiff had this right in all cases.

The court of common pleas however adopted a different rule, allowing the defendant to open and close when he filed an admission of all the facts necessary to be proved by the plaintiff in opening his case on the general issue. But this rule proving an inconvenient one in practice, and frequently raising questions upon matters foreign to the merits, and yet grounds for exceptions, was subsequently rescinded by that court, making the rule uniform in both courts. See 8 Cush. 603, *note*.

The inquiry then is, whether there is any thing in the particular state of this case to take it out of the general rule. The Rev. Sts. c. 96, §§ 17, 18, 19, prescribe the mode of trying a set-off filed by the defendant. "The defendant's demand shall be set forth with as much certainty, as to matters of substance, as would be required in a declaration." § 17. "A set-off may be tried in all cases, where any issue to the country is joined, without any further plea." § 18. "The defendant's demand shall be tried in like manner as if it had been set forth in an action brought by him." § 19.

The proceeding is certainly somewhat anomalous, and is substantially trying two actions at the same time. Clearly, if the demand of the plaintiff was disputed, he would have the right to open and close, and this would not be defeated by the defendant's filing a demand in set-off. The case would, under the revised statutes, be tried upon the pleadings filed by the defendant to the action against him. It cannot therefore have been the purpose of the statute that the defendant's demand, filed in set-off, should be actually tried in the same manner, in all respects, as it would be in an action in which he was plaintiff. The only doubt is in the case where the defendant admits the demand of the plaintiff, and relies solely upon his set-off

Under the former practice of the court of common pleas, of giving the right of opening and closing the case to the party who had the burden of proof, upon this case, as presented, the defendant would seem to have had the right he insisted upon. But applying the well settled rule of this court, that the plaintiff is to open and close in all cases, without regard to the burden of proof, or to any admission of all the facts necessary to be proved by the plaintiff in opening his case, we see no ground for introducing an exception in cases of this description, that would have not been equally required in the cases just referred to.

The new practice act of 1852, *c.* 312, § 37, seems to leave this matter much as in the revised statutes, unless it be that an answer may be required to be made to the demand filed as set-off by the plaintiff, instead of proceeding to trial under the issue on the case of the plaintiff.

Deeply impressed as we are with the practical convenience of the rule now long since adopted by this court, of allowing the plaintiff to open and close in all cases, and no sufficient reason existing for departing from it in a case like the present, we see no ground for sustaining these exceptions.

*Exceptions overruled.*